**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jeffrey Robert BOOTH, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1999.

Filed April 7, 1999.

Wayne B. Gongaware, Assistant District Attorney, Greensburg, for Com., appellant.

Patrick J. Thomassey, Monroeville, for appellee.

Before DEL SOLE, STEVENS, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 On June 29, 1997, appellee was driving his vehicle along Hahntown–Wendell Road in North Huntingdon Township when he allegedly failed to stop for a stop sign and struck the car driven by Nancy Boehm. Mrs. Boehm, who was approximately 33 weeks pregnant at the time of the accident, was riding in the car with her husband. Both were seriously injured, and Mrs. Boehm's unborn child died in her womb as a result of injuries sustained in the accident. On July 9, 1997, the Commonwealth charged appellee with eight counts,[1] including one count of homicide by vehicle[2] and one count of homicide by vehicle while driving under the influence.[3] In February 1998, appellee filed an omnibus pre-trial motion asking the trial court to dismiss the counts of homicide by vehicle and homicide by vehicle while driving under the influence because the victim was an unborn child. On June 2, 1998, the trial judge granted appellee's motion and dismissed the charges.

¶ 2 In considering this case on appeal, the Commonwealth presents only one question for our review: "Is a viable fetus a person for purposes of the homicide by vehicle DUI statute?"[4] Appellant's brief,

---

1. Charges unrelated to the scope of this appeal include: two counts of aggravated assault by motor vehicle while driving under the influence (75 Pa.C.S.A. § 3735.1), two counts of driving under the influence of alcohol (75 Pa.C.S.A. § 3731(a)(4)), one count of failing to stop at a stop sign (75 Pa.C.S.A. § 3323(b)), and one count of giving a false report (75 Pa.C.S.A. 3748).

2. 75 Pa.C.S.A. § 3732.

3. 75 Pa.C.S.A. § 3735.

4. After carefully reviewing the Commonwealth's statement of questions involved and argument, the Commonwealth only addresses the dismissal of the one count of homicide by vehicle while driving under the influence. *See* appellant's brief, at 3, 7. As a result, the Commonwealth has clearly abandoned the trial court's dismissal of the one count of homicide by vehicle pursuant to 75 Pa.C.S.A. § 3732, thus the trial court's dismissal of the count of homicide by vehicle is deemed final and outside the scope of our review.

at 3. The Commonwealth argues that this Court should set aside the long-standing "born alive" rule as it applies to the criminal laws of this Commonwealth.[5] Having thoroughly reviewed the rationale for the "born alive" rule, our Supreme Court's decision in *Amadio v. Levin*, 509 Pa. 199, 501 A.2d 1085 (1985), and persuasive decisions from other jurisdictions, we find ample support for the Commonwealth's position. Thus, we find that the term "person" as referenced in 75 Pa.C.S.A. § 3735 protects viable but not yet born children and we reverse the decision of the court below dismissing one count of homicide by vehicle while driving under the influence.

¶ 3 We begin by noting that "courts are to strictly construe penal statutes, and any ambiguity contained in such acts must be interpreted in favor of the accused and against the prosecution." *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312, 316 (1979) (citing 1 Pa.C.S.A. § 1928(b)(1)). At the same time, we recognize that "we are not required to interpret the words of a criminal statute in their narrowest sense or disregard evident legislative intent." *Commonwealth v. Highhawk*, 455 Pa.Super. 186, 687 A.2d 1123, 1126 (1996).

¶ 4 Homicide by vehicle while driving under the influence is defined as:

(a) **Offense defined.**—Any person who unintentionally causes the death of another *person* as the result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the second degree when the violation is the cause of death . . . .

75 Pa.C.S.A. § 3735(a) (emphasis added). While the statute is criminal in nature, it is guided by the definitions set forth under 75 Pa.C.S.A. § 102, which defines person as follows:

5. The "born alive" rule refers to the common law requirement that only those humans sur-

**"Person."** A natural person, firm, co-partnership, association or corporation. 75 Pa.C.S.A. § 102.

¶ 5 After reviewing the opinion of the trial court, it is clear that the lower court dismissed one count of homicide by vehicle while driving under the influence based primarily on an unpublished memorandum decision of this Court. Such decisions do not represent binding precedent for this or any other court in the Commonwealth; thus, while we consider the arguments made in *Commonwealth v. Kemp*, we are not bound to follow it. *See Com. v. Kemp*, No. 00114 Pittsburgh 1993, 434 Pa.Super. 719, 643 A.2d 705 (Pa.Super. Feb. 22, 1994) (unpublished memorandum). The trial court was also persuaded to limit the definition of "person" based on the Supreme Court's statement that "[w]e do not decide the criminal liability, if any, attendant upon causing the death of a child en ventre sa mere, for such is not the case before us today." *Amadio*, 501 A.2d at 1089.

¶ 6 Appellant argues that a viable fetus is "a natural person" within the definition of "person," and cites legislative intent, civil law, and outside jurisdictions to support its theory. In order to review this case of first impression, we turn to our Supreme Court's decision abolishing the "born alive" rule in the civil context in *Amadio v. Levin* for guidance. In *Amadio* Justice Papadakos, writing for the court, noted that

[u]pon thorough review of our prior holdings, the change in the attitude of our sister states . . ., and Appellants' arguments that medical knowledge has advanced since we first formulated our position against the maintenance of [wrongful death] actions, we conclude that the time has arrived for us to join our twenty-eight sister states and the District of Columbia and recognize that survival and wrongful death actions lie by the estates of stillborn children for

viving a live birth are independent persons within the meaning of the law.

fatal injuries they receive while viable children en ventre sa mere.

*Id.* at 1086–87 (footnote omitted).

¶ 7 While the trial court was correct in noting that the Supreme Court in *Amadio* did not expressly decide the applicability of the "born alive" rule in the criminal context, there is nothing in the Supreme Court's opinion that suggests the same rationale should not be extended. The rationale behind the application of the "born alive" rule in the criminal context is the same as the rationale in the civil context. Concerns about medical knowledge and proof of the cause of death led the courts of this Commonwealth to apply the "born alive" rule as a means of establishing a definitive test for personhood under criminal laws. Now, thanks to the progress of medical science, this Court must accept that the viability of a fetus and the cause of death can be established and proven in ways that are easily presented and explained to a jury. Thus, the central rationale supporting the "born alive" rule no longer exists. It is time for the courts of this Commonwealth to react to advances in medical science rather than ignore such progress.

█ ¶ 8 As a result, having reviewed the rationale behind the application of the "born alive" rule in the criminal context in light of our Supreme Court's decision in *Amadio*, we find that the test for personhood centers not around the birth of the child, but rather around scientific evidence of viability. Viable fetuses not yet born alive are "persons" within the meaning of the criminal laws of general application in this Commonwealth.

¶ 9 At the same time, we strongly note that nothing in our opinion is meant to contravene specific statutory language written to the contrary of this decision. Our decision applies only in cases where criminal laws protect "persons" in the most general terms. The Crimes Against the Unborn Child Act[6] and the Abortion Control Act[7] are not before this Court and are not affected by our decision.[8]

¶ 10 Order dismissing one count of homicide by vehicle while driving under the influence reversed. Order dismissing one count of homicide by vehicle becomes final. Jurisdiction is relinquished.

¶ 11 Dissenting Opinion by DEL SOLE, J.

DEL SOLE, J., dissenting:

¶ 1 I dissent. In *Amadio v. Levin*, 509 Pa. 199, 501 A.2d 1085 (1985), the Pennsylvania Supreme Court found an unborn child may be considered a person for purposes of civil wrongful death actions. The majority applies this development of the Commonwealth's common law in a civil context to criminal law, concluding an unborn child at the stage of viability is a "person" within the definition of the Crimes Code. In my view, the majority ignores recent pronouncements of the legislature on this subject. In 1997, the legislature enacted Chapter 26 of the Crimes Code, **Crimes Against Unborn Child.** This chapter outlines the full complement of statutorily defined crimes in which an unborn child is the victim. In this chapter, the definition of an "unborn child" is ". . . an individual organism of the species homo sapiens from fertilization until live birth." 18 Pa.C.S.A. § 2602 (citing 18 Pa.C.S.A. § 3203). The statute does not define an unborn child as a "person" as the majority does in its extension of criminal liability in this case. Further, under Chapter 26, criminal homicide of an unborn child is limited to murder and involuntary manslaughter. 18 Pa.C.S.A. §§ 2603–05.

¶ 2 The legislature is free to criminalize the act of unintentionally causing the death of an unborn child while driving under the influence of alcohol or a controlled substance. The legislature is free to broaden the definition of "person" in the Crimes

---

**6.** 18 Pa.C.S.A. §§ 2601–2609.

**7.** 18 Pa.C.S.A. §§ 3201–3220.

**8.** Thus, nothing in this opinion should be construed as altering the forceful, definitive legislative statements concerning abortion.

Code to include an unborn child. The legislature has not done so.

¶ 3 I also note that the legislature has included an "unborn child" in certain limited definitions of "person" in the Crimes Code. For example, in 18 Pa.C.S.A. § 2607(1), the statute provides that the term "different person" as used in the culpability sections, 18 Pa.C.S.A. §§ 303(b) and 303(c), "shall also include an unborn child." Therefore, it is clear that when the legislature intends to include an unborn child in the definition of a "person", it does so specifically.

¶ 4 I am troubled by the extension of the criminal law on a common law basis. The legislature has specifically abolished common law crimes [9] and requires that criminal statutes must be strictly construed. 1 Pa.C.S.A. § 1928(b)(1). Because the criminal statutes concerning crimes against an unborn child do not specifically or by implication include the crime of homicide by vehicle while driving under the influence of alcohol or other controlled substance, I would affirm the dismissal of this charge in Appellee's case.

9. 18 Pa.C.S.A § 107(b) **Common law crimes abolished** provides "No conduct constitutes a crime unless it is a crime under this title or another statute of this Commonwealth."